JOSÉ MANUEL ARIAS CESTERO, Plaintiff and Appellant, *v.* ROSARIO ARIAS LÓPEZ, CELESTINO IRIARTE MIRÓ, AMANCIO ARIAS CESTERO, and ÁNGEL ANTONIO ARIAS CESTERO, Defendants and Appellees.

No. R-67-140.     Decided June 6, 1969.

*Ángel Manuel Ciordia* for appellant. *Félix Ochoteco, Jr.*, and
*Luis R. Polo* for appellees.

Second Division composed of Mr. Justice Hernández Matos, as
Chief Judge of Division, Mr. Justice Santana Becerra,
Mr. Justice Dávila, and Mr. Justice Torres Rigual.

## JUDGMENT

José Manuel Arias Cestero, appellant in this petition for
review, brought suit in the Superior Court, Bayamón Part,
against his brothers Amancio and Ángel Antonio Arias
Cestero, his aunt Rosario Arias López and attorney Celestino
Iriarte Miró, claiming from his aunt and from attorney
Iriarte the title upon two properties, one of four and another
of seventy-six cuerdas located in Ward Candelaria of Vega
Alta. He claimed the amount of $125,000 as money produced
by said properties during the period in which they were in
possession of the defendants Rosario Arias and Celestino
Iriarte, $41,500 of that sum belonging to him for his aliquot
part; and he claimed, besides, the amount of $100,000 for
damages, charging the defendants Rosario Arias López and
Celestino Iriarte Miró with negligence during the 18-year
period in which they were in possession of and administered
said properties.

In the course of the litigation the dispute about the title
of the properties was settled, the defendants Rosario Arias
and Celestino Iriarte accepting that the title of the same

actually belonged to the plaintiff Manuel Arias Cestero and his brothers codefendants Amancio and Ángel Antonio Arias Cestero. It was so decreed by judgment of the trial court, restoring to said brothers the dominion title upon the aforesaid properties.

Likewise the trial court ruled, part of the judgment which is not challenged in this appeal, that during the time when Rosario Arias and Celestino Iriarte Miró administered the properties, the same produced $44,680 of which the plaintiff was entitled to one third as joint owner, equivalent to $14,893.33. That there were expenses of $10,174.87, a proportion of $3,391.63, corresponding to the plaintiff for a share of $11,501.64. From the latter amount it deducted $1,400 employed by the administrators in the plaintiff's personal attention and $466.67 received by the latter for the sale of pasture, a remainder of $9,634.97 being left. It entered judgment ordering Rosario Arias López and Celestino Iriarte Miró to pay him said amount.

As to the claim of $100,000 for damages, the trial court made a touching finding of fact regarding the condition in which the plaintiff has lived during these years by reason of his serious incapacity and physical disability, consequence of his suffering from cerebral palsy. Despite having determined that the plaintiff has passed through physical sufferings and mental anguish, as a matter of law the trial court dismissed said claim because it believed that § 1802 of the Civil Code was not applicable.

The contractual obligations assumed by attorney Iriarte in accepting the general power of attorney granted him by Mrs. Rosario Arias for the administration of these properties, power which we have examined, did not impose upon him obligations of such a nature that by negligence in its compliance they would be the cause of the plaintiff's sufferings in his disabled condition.

Neither does it appear in the field of aquilian fault that attorney Iriarte incurred acts of action or omission through fault or negligence which would produce those sufferings. As to the codefendant Rosario Arias, person who did not reside in Puerto Rico nor was in direct care and attention of the plaintiff, there is no basis in the record either to charge her with the action or omission of specific acts which would lead to those sufferings sustained by plaintiff which were found proved by the trial court.

■ Whether plaintiff could have more dedication and care as a result of his disability from his close relatives is a matter falling within the sphere of family relations. The facts, as considered proved by the trial court, offer no basis, as said court decided, to support this claim for damages grounded on aquilian fault, apart from the problem of prescription which might be involved and which we need not consider now.

The judgment rendered by the Superior Court, Bayamón Part, on March 27, 1967 will be affirmed as to the dismissal of the claim of $100,000 on account of damages, only aspect of said judgment involved in this appeal.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*